UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **KELLY PATRICE WOODS,**<br><br>(individually and as next of friend of her minor children)<br><br>T.W.-V.,<br>H. W.-V.,<br>and E.W.<br><br>*Plaintiffs.*<br><br><br><br>VS<br><br>**COMMONWEALTH OF MASSACHUSETTS**<br>(by and through its agency,<br>The Department Of Children and Families), et al., | Civil Action No.<br><br>**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY JUDGMENT, AND DAMAGES**<br><br>UNDER 42 U.S.C. §§ 1983, 1985(3), AND THE AMERICANS WITH DISABILITIES ACT |

### Emergency Motion for Preliminary Injunctive Relief:

**NOW COMES the Plaintiff, Kelly Woods,** *pro se***, and respectfully moves this Honorable Court pursuant to Federal Rule of Civil Procedure *65* for the issuance of an Emergency Temporary Restraining Order and, subsequently, a Preliminary Injunction, to restrain Defendants and their agents from continuing to enforce unconstitutional and discriminatory actions stemming from Barnstable Juvenile Court proceedings and related Department of Children and Families (DCF) interventions.**

Plaintiff seeks immediate relief due to ongoing violations of her constitutional rights, federal disability protections, and parental liberties, and to prevent further irreparable harm to her family and her nonverbal, autistic daughter.

1

## I. RELIEF REQUESTED:

Plaintiff respectfully requests that this Court:

1. Issue an Emergency Temporary Restraining Order prohibiting the enforcement of all pending juvenile court custody, placement, or visitation orders in Barnstable County Juvenile Court, and halting any further removals, restrictions, or state interference related to Plaintiff's minor children;
2. Issue an order restoring custody of the minor children to Plaintiff pending the adjudication of this case; return of custody of Taegan, Haydn, and Elle to Plaintiff, legal custody of Christopher Prerost Jr.;
3. Enjoin Defendants from pursuing any retaliatory or discriminatory actions, including fabricated child protection filings or prosecutorial escalations based on privileged or false evidence;
4. Require Defendants to cease and desist from ADA violations concerning Plaintiff's daughter Elle Woods, including the failure to provide reasonable accommodations during state custody actions;
5. Immediate stay of all orders issued in Barnstable Juvenile Court case #_____25CP0040OL_____;
6. Prohibition on DCF from further interference with custody or visitation;
7. Order restraining foster placements that violate the ADA;
8. Order blocking enforcement of any criminal or civil orders obtained through unconstitutional proceedings;
9. Order preventing further retaliation or false reports by named actors;
10. Grant such further relief as this Court deems just and equitable.

## II. GROUNDS FOR RELIEF:

This Motion is based on the following grounds:

1. Plaintiff is likely to succeed on the merits of her federal claims, including but not limited to violations of the Fourteenth Amendment (Due Process), First Amendment (Retaliation), *Title II* of the Americans with Disabilities Act, and *42 U.S.C. § 1983*;
2. Plaintiff and her minor children are suffering ongoing, irreparable harm, including unlawful separation, developmental trauma, interference with disability accommodations, and infringement of familial and parental rights;
3. The balance of equities tips heavily in Plaintiff's favor, as the state actors face no harm by temporarily halting unlawful enforcement;
4. The public interest favors judicial restraint in the face of alleged constitutional and federal statutory violations, particularly those affecting vulnerable children and disabled individuals;
5. Plaintiff has no adequate remedy at law, and immediate equitable relief is necessary to prevent further damage to her family, safety, and civil rights.

## III. FACTUAL SUMMARY:

A complete factual record is set forth in the Verified Complaint and Affidavit filed simultaneously with this Motion. By summary:

1. Plaintiff's children were removed via a sua sponte order from Judge Jennifer McNulty, without a request from DCF and without advance notice or due process;
2. Plaintiff's disabled daughter was placed in an unaccommodated foster environment in direct violation of the ADA;
3. DCF officials and affiliated parties—namely Christine Frotten, Kevin Bray, and Nate Dennison—participated in or enabled state action based on false narratives, improper disclosures, and retaliatory motives;
4. The Plaintiff was denied access to her son's medical records, appointment notifications, and school decisions, even while retaining legal custody, and was further obstructed through judicial and administrative delay;
5. A contradictory firearm narrative was presented in state court proceedings, conflating unrelated incidents, which was only corrected upon direct testimony by law enforcement;
6. The entire sequence of actions demonstrates a coordinated pattern of federal rights violations under color of state law.

## IV. LEGAL BASIS:

This Motion is brought under Fed. R. Civ. P. 65, and relies upon:

1. *Troxel v. Granville, 530 U.S. 57 (2000)* (parental rights as fundamental liberty interests);
2. *Winter v. Natural Resources Defense Council, 555 U.S. 7 (2008)* (standard for preliminary injunction);
3. *Elrod v. Burns, 427 U.S. 347 (1976)* (loss of constitutional rights constitutes irreparable harm);
4. *42 U.S.C. § 1983* (civil action for deprivation of rights);
5. *Title II of the ADA, 42 U.S.C. § 12132* (failure to accommodate in public services);
6. *Napue v. Illinois, 360 U.S. 264 (1959)*, *Giglio*, *Agurs*, and other cases barring use of false evidence.

## V. CONCLUSION:

Plaintiff Kelly Woods has demonstrated that she faces immediate and irreparable harm arising from ongoing state action in violation of federal law. She respectfully requests that this Court exercise its equitable powers and immediately enjoin Defendants from continuing their unconstitutional conduct and violations of federal disability law.

WHEREFORE, Plaintiff respectfully moves this Honorable Court to grant the relief requested herein, including immediate issuance of a Temporary Restraining Order, scheduling of a Preliminary Injunction hearing, and any further relief the Court deems just and proper.

I swear under penalty of perjury that the foregoing is true and accurate to the best of my knowledge and belief.
I, Kelly Patrice Woods, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 5th day of August, 2025.
Signature: _____ /s/ *Kelly Patrice Woods* _____
Name: Kelly Patrice Woods
4 Hawthorn St. South Dennis, MA 02660
*Pro Se* – (630) 310-1825
kellypwoods@yahoo.com

August 5, 2025

4