UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KELLY PATRICE WOODS, *Individually and as next of friend of her minor children T.W-V, H. W.-V, and E.W.,* | * * * * | |
| Plaintiff, | * * | Civil Action 25-cv-12241-IT |
| v. | * * | |
| COMMONWEALTH OF MASSACHUSETTS, et al., | * * * | |
| Defendants. | * * | |

MEMORANDUM AND ORDER

September 3, 2025

TALWANI, D.J.

Plaintiff Kelly Patrice Woods ("Plaintiff"), proceeding *pro se*, has filed a Complaint

[Doc. No. 1], and an Emergency Motion for Preliminary Injunction [Doc. No. 2] alleging that her

federal rights and those of her three minor daughters are being violated in a proceeding

concerning the care and custody of the children pending in the Barnstable Juvenile Court.

Plaintiff alleges that the children were taken from her custody by court order after she was

wrongfully criminally charged for a firearms violation. The complaint includes a lengthy list of

the injunctive relief which she seeks, including "[a] stay of any state-court proceedings likely to

result in further irreparable harm," Compl. at 26, "[f]ederal oversight of any continued state

involvement in the custody and placement of minor children," id., "[p]rotection from retaliatory

criminal prosecution," id., "[o]rdering the return of Plaintiff's children to her physical care were

legally permitted, or in the alternative, suspending all third-party custody placements pending a

full evidentiary review before a neutral tribunal," id. at 27, and requiring that Juvenile Court

Judge Jennifer McNulty recuse herself "from all matters involving the Plaintiff," id.

The Court DISMISSES this action on jurisdictional grounds.[1] "Proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately [the United States Supreme] Court." Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 287 (1970). Although "the pendency of a state-court action generally does not preclude a federal court from addressing the same subject matter," "the Supreme Court has developed a small cluster of doctrines that either require or allow federal courts to defer to state proceedings in particular circumstances." Sirva Relocation, LLC v. Richie, 794 F.3d 185, 192 (1st Cir. 2015).

Under the doctrine of Younger abstention, see Younger v. Harris, 401 U.S. 37 (1971), a federal court must abstain from exercising its jurisdiction over certain types of claims when a related state action is pending. In Younger, the Supreme Court held that "principles of equity and comity demand that a federal court abstain from entertaining a suit that seeks to enjoin a state criminal prosecution as violative of federal law so long as the state proceeding affords an adequate opportunity to raise the federal defense and abstention will not cause irreparable harm." Id. at 191-92. Younger abstention has been extended to "civil proceedings that are akin to criminal prosecutions." Sprint Comm., Inc. v. Jacobs, 571 U.S. 69, 72 (2013). "Such enforcement actions are characteristically initiated to sanction the federal plaintiff, *i.e.,* the party challenging the state action, for some wrongful act." Id. at 79. In Sprint, the Court referred to a state initial proceeding to gain custody of a child whose safety was at risk as a state civil proceeding akin to a criminal prosecution to which Younger abstention would apply. Id. (citing

---

[1] The Court may *sua sponte* consider relevant jurisdictional issues, including whether the exercise of its jurisdiction is appropriate when a related state proceeding is pending. See Guillemard-Ginoria v. Contreras-Gomez, 585 F.3d 508, 517-18 (1st Cir. 2009).

Moore v. Sims, 442 U.S. 415, 419–120 (1979) (state-initiated proceeding to gain custody of children allegedly abused by their parents)); see also Sullivan v. Dutchess Cnty. Dep't of Cmty. & Fam. Servs., C.A. No. 25-cv-06099, 2025 WL 2209433, at *1 (S.D.N.Y. Aug. 4, 2025) (finding that Younger abstention applied where plaintiff sought relief from pending state-initiated civil proceeding to remove plaintiff's children from her care); Boatwright as Next Friend of D.B.W. v. Broce, C.A. No. 22-cv-00038, 2023 WL 2402872, at *4 (S.D. Ga. Mar. 8, 2023) (finding that Younger abstention applied where plaintiff sought relief from pending state-initiated proceeding in which state agency sought to remove child from plaintiff's custody due to concerns about drug use and kidnapping); Roach v. Clark, C.A. No. 15-cv-00408, 2015 WL 4067504 (N.D.N.Y. July 2, 2015) (adopting report and recommendation that case challenging state-initiated proceeding to decide whether to terminate plaintiff's parental rights be dismissed on the ground of Younger abstention).

Here, Younger abstention applies. Plaintiff asks that this Court find a proceeding pending in the Juvenile Court violates her federal rights as well as the federal rights of her minor children. This proceeding is akin to a criminal prosecution for purposes for purposes of Younger abstention where it was initiated by the Commonwealth against Plaintiff based on alleged concerns for the safety of the children. Although Plaintiff raises numerous challenges to the propriety of the decisions of the Juvenile Court and the propriety of the actions of individuals involved in the underlying events, Plaintiff has not alleged facts showing she has not been afforded an adequate opportunity to raise her objections.

In accordance with the foregoing, Plaintiff's Emergency Motion for Preliminary Injunction [Doc. No. 2] is DENIED, her Complaint [Doc. No. 1] is DISMISSED without prejudice based on Younger abstention, and her Motion for Leave to Proceed *in Forma Pauperis*

[Doc. No. 4] is DENIED as moot.

       IT IS SO ORDERED.

                                   /s/ Indira Talwani
                                   United States District Judge

Dated: September 3, 2025